[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14586
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-20481-RNS

JAMIE RASHAD BROWN,

Plaintiff - Appellant,

versus

TI'ANDRE BELLINGER,
individually,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 21, 2021)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamie Rashad Brown filed a two-count complaint alleging that during the

course of a pat-down search, a police officer used excessive force in violation of

the Fourth Amendment and intentionally inflicted emotional distress on him.  The

district court granted the officer's motion for summary judgment on both counts.

On appeal, Brown asserts with respect to his excessive-force claim that fact issues

preclude summary judgment, that the district court improperly made credibility

determinations against him, and that, in any event, the officer is not entitled to

qualified immunity.  Brown also argues that the district court improperly weighed

the evidence on his intentional-infliction-of-emotional-distress claim.  For the

reasons that follow, we affirm.

## I

This case arises from an incident involving Brown and Ti'Andre Bellinger, a

city of Miami police officer.  According to Brown, he was working late at night at

a small bodega in Miami when he witnessed a dispute among three women, one of

whom called the police.  By the time Bellinger arrived, none of the three women

remained at the scene, and Bellinger ordered Brown to "come here."  Bellinger

asked Brown whether he had anything in his pockets, and Brown replied "no."

Bellinger proceeded to pat-down search Brown, pull out Brown's wallet, and,

shortly after, retrieve marijuana from Brown.  According to Brown, after this initial

search concluded, Bellinger crept up to him from behind, caressed his chest, and

"hugged [him] like a female."  Bellinger "went inside of Brown's boxer briefs"

2

and made contact with Brown's penis and testicles.  The search of Brown's boxer briefs lasted two minutes.  Bellinger stopped when Brown objected.

Brown's amended complaint alleged a violation of his federal civil rights (Count 1) and intentional infliction of emotional distress (Count 2).  Officer Bellinger moved for summary judgment on both counts, arguing (1) that he was entitled to qualified immunity on Brown's civil-rights claim and (2) that Brown had failed to meet his burden to establish a claim for intentional infliction of emotional distress.  In response, Brown attached his own affidavit that had been created after his deposition.  Bellinger's reply argued that portions of Brown's newly filed affidavit contradicted his deposition testimony.

The district court granted Bellinger's motion for summary judgment.  Construing Count 1 as an excessive-force claim, the district court concluded that Bellinger's use of force was de minimis, and that, even if the court were to decide that Bellinger's search was unconstitutionally unreasonable, Brown had failed to show that Bellinger's conduct violated clearly established law.  With respect to Count 2, the district court held that Brown failed to produce evidence that Bellinger's conduct exceeded "all possible bounds of decency and is atrocious, and

3

utterly intolerable in a civilized community," and that Bellinger's conduct caused severe emotional distress. Brown now appeals.[1]

### III

Brown appeals the district court's order with respect to both his excessive-force claim (Count 1) and his intentional-infliction-of-emotional-distress claim (Count 2). We will address each in turn.

### A

Brown challenges the district court's grant of summary judgment for Bellinger on his excessive-force claim on three separate grounds. First, he argues that genuine issues of material fact preclude summary judgment. Second, Brown contends that the district court impermissibly made credibility determinations by adopting Bellinger's—not Brown's—version of the facts. Third, Brown insists that Bellinger is not entitled to qualified immunity because (1) the amount of force used by Bellinger was objectively unreasonable and (2) either that a broad, clearly established principle controls the facts here or that Bellinger's conduct so obviously violates the Constitution that prior case law is unnecessary.

---

[1] We review a district court's order granting summary judgment de novo, viewing all the evidence and drawing all reasonable inferences in favor of the non-moving party, Brown. *Vessels v. Atlanta Indep. Sch. Sys.,* 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when the record demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In response, Bellinger argues that, contrary to Brown's contentions, no genuine issues of material fact exist, and the district court did not make improper credibility findings. Bellinger further argues that his use of force was de minimis and objectively reasonable, and that a constitutional violation did not occur. He contends that even if a constitutional violation did occur, Brown failed to meet his burden to prove that the constitutional right at issue was clearly established.

A court "can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quotation marks omitted). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" *BBX Capital v. FDIC*, 956 F.3d 1304, 1314 (11th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255.

Here, the possible issues of fact that Brown has identified are either immaterial, unsupported by the record, or undisputed. That Bellinger was responding to a call and not "just cruising around" is immaterial. That "Bellinger continued to stalk [Brown] even though he had nothing to do with the reason for

the call and was simply standing in front of a store where he was working" is unsupported by the record. Further, we accept as true in this summary judgment posture that Bellinger crept behind Brown, caressed Brown's chest, hugged him "like a female," stuck his gloved hand into Brown's underwear, and then touched Brown's penis and testicles. The parties only dispute whether Bellinger "manipulated"[2] (rather than merely touched) Brown's penis and testicles and whether the contact with the penis and testicles lasted ninety seconds or two minutes. These distinctions are immaterial for the purpose of summary judgment.

Nor did the district court make improper credibility findings. The district court noted the number of "contradictory and misleading claims found throughout the record." But "contradictory or misleading claims" simply refers to the fact that some allegations in the complaint contradict Brown's deposition testimony. The district court expressly indicated that it took the facts in the light most favorable to Brown; in doing so, the district court relied on Brown's statement of material facts and his own deposition.

With respect to qualified immunity, "an officer asserting a qualified-immunity defense bears the initial burden of showing that he was acting within his discretionary authority." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 951 (11th Cir. 2019) (quotation marks omitted). Once an officer makes this showing—and here,

---

[2] At various points, Brown also described Bellinger's conduct as "fondling" and "stroking."

it is unchallenged—the burden shifts to the plaintiff to show that "(1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Piazza*, 923 F. 3d at 951; *see also Cozzi v. City of Birmingham*, 892 F.3d 1288, 1293 (11th Cir. 2018). "We may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings." *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017).

Under the first step of the analysis, to determine whether an officer violated a constitutional right, we evaluate the reasonableness of the force used under an objective standard and ask whether an officer's actions were reasonable "in light of the facts and circumstances confronting [the police officer], without regard to his underlying intent or motivation." *Kesinger v. Herrington*, 381 F.3d 1243, 1248 (11th Cir. 2004); *see also Lee v. Ferraro*, 284 F.3d 1188, 1197–98 (11th Cir. 2002). This Court has "established the principle that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). Thus, "a minimal amount of force . . . will not defeat an officer's qualified immunity in an excessive force case." *Id.* at 1258.

Here, the district court correctly determined that Bellinger did not violate Brown's constitutional rights. First, it was not per se unreasonable for Bellinger to search Brown's penis-and-testicles area. Both the Supreme Court and this Court

7

have described pat-down searches as involving "arms and armpits, waistline and back, *the groin and area about the testicles*, and entire surface of the legs down to the feet." *Terry v. Ohio*, 392 U.S. 1, 17 n.13 (1968) (citation omitted) (emphasis added); *see also United States v. Blake*, 888 F.2d 795, 801 (11th Cir. 1989).

Second, Bellinger did not use more than de minimis force. At most, Officer Bellinger "manipulated" or "touched" Brown's penis and testicles for two minutes, and although this certainly seems to us unnecessarily long, no lasting physical injury occurred. We have found far more aggressive and injurious uses of force to be de minimis and reasonable. *See, e.g.*, *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003) ("Here, even if the force applied by [the officer] in effecting the arrest—forcing Durruthy down to the ground and placing him in handcuffs—was unnecessary, plainly it was not unlawful. The amount of force used was de minim[i]s."); *Nolin*, 207 F.3d at 1254–58 (where a police officer saw two boys fighting, it was de minimis force to grab one of the boys, a seventeen-year-old, from behind by the shoulder and wrist, throw him against a van three or four feet away, knee him in the back, push his head against the side of the van, search his groin area in an uncomfortable manner, and handcuff him); *Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997) (officer's applying handcuffs tightly, resulting in skin abrasion, was a de minimis use of force); *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997) (finding the force used to be minor where

officers slammed the plaintiff against a wall, kicked his legs apart, required him to put his arms above his head, and pulled his wallet from his pants pocket).  Because Brown failed to satisfy the first step of the qualified-immunity analysis, as is his burden, Officer Bellinger is entitled to qualified immunity on Brown's excessive force claim.[3]

**B**

On appeal, Brown also argues that the district court impermissibly weighed the evidence on his intentional-infliction-of-emotional-distress claim.  Specifically, he contends that the district court ignored Brown's testimony, failed to disclose important context regarding Bellinger's psychiatrist visits, and improperly concluded that Brown had not suffered greatly.

Under Florida law, to bring an intentional-infliction-of-emotional-distress claim, a plaintiff must show that—

> (1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
>
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> (3) the conduct caused emotional distress; and

---

[3] Brown also argues that the sham-affidavit rule does not apply.  We need not address the propriety of the sham-affidavit rule in order to determine that qualified immunity applies.  Nor does Brown's post-deposition affidavit create a genuine issue of material fact.

9

(4) the emotional distress was severe.

*Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 954–55 (Fla. Dist. Ct. App. 2017).

For our purposes, it is sufficient that the district court properly concluded that Bellinger's conduct did not cause severe emotional distress.  "[S]evere emotional distress means emotional distress of such a substantial quality or enduring quality[] that no reasonable person in a civilized society should be expected to endure it."  *Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018) (quotation marks omitted).  Brown urges us to consider his testimony that he saw a psychiatrist every six months "because of depression and anger control, and to get renewal of Celexa[.]"  These relatively infrequent psychiatrist visits do not by themselves provide evidence of distress that is either substantial or enduring, particularly when it is unclear whether Brown's depression and issues with anger control arose from the incident with Bellinger or from another source.[4]  *See id.* at 1306 ("[C]ourts that have tackled this issue have recognized that a high standard for determining what kind of emotional distress is remediable in a claim for intentional infliction is necessary to prevent the tort from becoming a venue for litigation over every emotional injury.").  Accordingly, we

---

[4] During his deposition, Brown indicated that he was already taking Celexa, a depression medication, at the time of the incident with Bellinger.

conclude that the district court properly granted summary judgment for Bellinger

on Brown's intentional-infliction-of-emotional-distress claim.

## IV

For the foregoing reasons, we affirm the district court's grant of summary

judgment for Officer Bellinger on Brown's excessive-force and intentional-

infliction-of-emotional-distress claims.[5]

**AFFIRMED.**

---

[5] Brown did not bring either a post-arrest strip-search claim or a substantive due process claim. *See, e.g., Evans v. Stephens*, 407 F.3d 1272, 1279 (11th Cir. 2005); *Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1133 (S.D. Fla. 2019).  We do not opine on the merits of either of those claims under these facts.